WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0538
By:    Michael T. Driscoll
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
In re                                                  :    Chapter 11
                                                       :
ASHLEY RIVER CONSULTING, LLC,                          :    Case No. 14-13406 (MG)
                                                       :
                    Debtor.                            :
                                                       :
-------------------------------------------------------X
                                                       :
In re                                                  :    Chapter 11
                                                       :
EMERALD INVESTMENTS, LLC,                              :    Case No. 14-13407 (MG)
                                                       :
                    Debtor.                            :
                                                       :
-------------------------------------------------------X

**APPLICATION FOR ENTRY OF AN ORDER APPROVING**
**THE APPOINTMENT OF THE CHAPTER 11 TRUSTEE**

TO:    THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUTPCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), by and through his counsel, hereby respectfully applies to this Bankruptcy Court,

pursuant to Rule 2007.1(c) of the Federal Rules of Bankruptcy Procedure, for entry of an order

approving his appointment of Ian J. Gazes as the Chapter 11 trustee in the above-captioned

Chapter 11 cases.  In support thereof, the United States Trustee respectfully states:

1

1. On December 15, 2014, Ashley River Consulting, LLC and Emerald Investments, LLC (collectively, the "Debtors") each commenced voluntary cases under Chapter 11 of the Bankruptcy Code. Case No. 14-13406, ECF Doc. No. 1; Case No. 14-13407, ECF Doc. No. 1.

2. On March 5, 2015, the United States Trustee filed a motion for the entry of an order directing the appointment of a Chapter 11 trustee in each case (the "Trustee Motion"). Case No. 14-13406, ECF Doc. No. 20; Case No. 14-13407, ECF Doc. No. 38.

3. On March 16, 2015, following a hearing on the Trustee Motion, the Bankruptcy Court entered an order directing the United States Trustee to appoint a Chapter 11 Trustee in each case. Case No. 14-13406, ECF Doc. No. 24; Case No. 14-13407, ECF Doc. No. 45.

4. On March 17, 2015, the United States Trustee filed a Notice of Appointment of Chapter 11 Trustee, appointing Ian J. Gazes as the trustee (the "Chapter 11 Trustee") in each case. Case No. 14-13406, ECF Doc. No. 25; Case No. 14-13407, ECF Doc. No. 46.

5. In accordance with Section 1104(d) of the Bankruptcy Code, the undersigned representative of the United States Trustee consulted with the following parties-in-interest:

(a) David Y. Wolnerman, Esq. of White & Wolnerman, PLLC, counsel to the Debtors;

(b) Thomas A. Pitta, Esq. of Emmet, Marvin & Martin LLP, counsel to Kriti Ripley, LLC and Ashley River Properties II, LLC; and

(c) Karen S. Park, Esq. of Schulte Roth & Zabel, LLP, counsel to Schulte Roth & Zabel, LLP.

6. To the best of the United States Trustee's knowledge, the Chapter 11 Trustee has no connections with the Debtors, their creditors, any other parties-in-interest, their respective attorneys, the United States Trustee, and persons employed in the Office of the United States

2

Trustee, other than those connections set forth in the Declaration of Disinterestedness of Ian J. Gazes, a copy of which is annexed hereto as Exhibit 1.

WHEREFORE, the United States Trustee requests that the Court enter an order approving the appointment of Ian J. Gazes as the Chapter 11 Trustee pursuant to 11 U.S.C. §1104(a), a proposed form of which is annexed hereto as Exhibit 2, and for such other and further relief as may seem just and proper in the above-described matter.

Dated: New York, New York
March 17, 2015

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Michael T. Driscoll*
Michael T. Driscoll
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0500

# EXHIBIT 1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          :
                                                :       Case No. 14-13406 (MG)
ASHLEY RIVER CONSULTING, LLC,                   :
                                                :       Chapter 11
                                                :
                        Debtor.                 :
---------------------------------------------------------------x
In re:                                          :
                                                :       Case No. 14-13407 (MG)
EMERALD INVESTMENTS, LLC,                       :
                                                :       Chapter 11
                                                :
                        Debtor.                 :
---------------------------------------------------------------x
```

## DECLARATION OF DISINTERESTEDNESS BY IAN J. GAZES

I, Ian J. Gazes, pursuant to 28 U.S.C. Section 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.  I am the principal of Gazes LLC (the "Firm"), a law firm which provides the highest level of legal counsel to the undersigned and other trustees and bankruptcy firms in the bankruptcy arena, and duly admitted to practice law before the bar of this Court and the Courts of the State of New York, with offices at 151 Hudson Street, New York, New York 10013. I am also a member of the panel trustees appointed by the United States Trustee for the Southern District of New York since 1988. A copy of my *curriculum vitae* is attached hereto.

2.  I submit this Declaration in support of the application for my appointment as Trustee in the above captioned cases of Ashley River Consulting, LLC and Emerald Investments, LLC (the "Debtors") pursuant to section 1104 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Bankruptcy Rules 2007.1 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

4.     I make the following disclosures (i) to establish that I am qualified to act as Trustee in this chapter 11 proceeding, and (ii) to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. section 101(14).

5.     I have been a practicing bankruptcy attorney since 1979, and since 1988, a distinguished member of the Panel of Trustees for the Southern District of New York. In that capacity, I have served as trustee for many large and complex chapter 11 and chapter 7 cases including but not limited to the Enron 90-Day Severance Employee fund. In connection with the Enron trust, my duties included prosecuting claims against officers, directors and third parties and such actions realized in excess of $30M for the benefit of the trust participants. I believe that my 34 years of experience as a bankruptcy attorney and 25 years as a panel trustee provide me with the necessary skills and objectivity to perform the duties of a chapter 11 trustee essential to review, analyze and conclude this case.

6.     My most recent experiences as a chapter 11 trustee were in the cases of <u>Adam Cohen and Jennifer Sultan</u>, Case No. 10-16732 SCC (Jointly administered); <u>Sonja Tremont Morgan, et al.</u>, Case No. 10-16132 SCC; and <u>Joseph Nathan Barnes</u>, 13-10819 SCC. In the first case, Ms. Sultan was arrested on criminal charges and is now in jail and Mr. Cohen was not cooperative requiring the issuance of contempt orders. This was a single asset real estate case concerning a loft unit in the Flatiron district, which I sold for $5,500,000. Ultimately, I reached a consensual resolution with the lien creditors and confirmed a plan of reorganization. Although the estate was administratively insolvent, I was nonetheless able to negotiate and fund the estate for a distribution to unsecured non-priority creditors. In the Tremont Morgan case, I successfully

2

marketed and sold a villa in St. Tropez, France for the sum of $5,796,000.00. The successful sale required the trustee to navigate numerous legal issues including various requirements under French civil law. The sale proceeds will serve as the primary funding source in the Debtor's recently confirmed plan of reorganization. Similarly, in the Barnes case, I liquidated the estate's interest in an Upper West co-op for the gross sum of $1.25M. Again, this sale will be the primary source for distribution to the estate's creditors.

7.  As attorney for various post confirmation trusts including but not limited to Bethlehem Steel Corporation I prosecuted thousands of actions on behalf of the trust with defendants located in Europe, Japan and the United States. In addition, I currently serve as the Receiver in a case known as <u>SEC v. Amerindo Investment Advisors, Inc.</u> *et al*., pending in the United States District Court for the Southern District of New York, 05 CIV 5231 (RJS), and my duties include investigating the value of assets located in various jurisdictions including Panama, Cayman Islands and the Europe and high end real property in the United Kingdom.

8.  Finally, I am presently serving as court appointed receiver in the matter of *S.E.C. v. Amerindo Investment Advisors Inc., et al.* which is pending in the District Court for the Southern District of New York. As receiver, I have so far distributed in excess of $30M to the defendants' defrauded investors.

9.  If appointed, to assist me in the performance of my duties as Trustee, I intend to retain Gazes LLC to assist me in this matter as general counsel to the Trustee. I will coordinate with the professionals currently working on this matter to achieve a smooth transition and to manage the estates as efficiently as possible.

10. With respect to my 'disinterestedness" under Section 101(14) of the Bankruptcy Code, I provide the following information:

3

      (a)    I am not, and have not been during the pendency of this chapter 11 case, a creditor, equity security holder or insider of the Debtor.

      (b)    I am not, and have not been, a director, officer or employee of any of the Debtor's business(s).

      (c)    I do not have an interest materially adverse to the interests of this bankruptcy case or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

      (d)    I am not a relative of any Bankruptcy Judge of the Unites States Bankruptcy Court for the Southern District of New York, the Unites States Trustee (Region 2) or any person employed by the United States Trustee (Region 2).

11.    In connection with my proposed appointment as Trustee in this chapter 11 case, I caused a search of the records of my office and that of Gazes LLC for each Debtor and their professionals and all parties appearing in this case and listed on the legal docket and the Debtors' schedules of creditors, to determine if any conflicts of interest would arise from my appointment.[1]

12.    Based upon this review, I respectfully represent to the best of my knowledge; neither myself nor any employee of the Firm has any connection with any interested party in this case.

13.    To insure that as Trustee I will remain disinterested throughout the term of this appointment, I represent that Gazes LLC also agree that they will not represent any client other than me as Trustee in connection with this Chapter 11 case.

---

[1] Ian Gazes and Gazes LLC understand that we have a continuing obligation and duty to disclose and, therefore, will file a supplemental declaration regarding this matter if any additional relevant information comes to my attention of that of Gazes LLC.

4

14. As required by Section 504 of the Bankruptcy Code, neither Gazes LLC or myself have agreed to share any compensation or reimbursement received in connection with this case and there shall be no division of compensation by myself or the Firm and no agreement prohibited by 18 U.S.C. § 155 has been or will be made.

15. Any request for payment from the Debtors' estates for compensation and reimbursement of expenses incurred in the performance of my services as Trustee will be subject to approval by the Court, and will be made in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York and orders of this Court and the United States Trustee's applicable guidelines for the submission of fee request under applicable provisions of the Bankruptcy Code. I declare under penalty of perjury that the foregoing is true and correct.

16. In addition to the foregoing I make the representations set forth in the attached Affidavit.

Dated: New York, New York
March 17, 2015

                                                          /s/ Ian J. Gazes
                                                          Ian J. Gazes

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                                          :
In re                                                                  :         Chapter 11
                                                                          :
ASHLEY RIVER CONSULTING, LLC,       :         Case No. 14-13406 (MG)
                                                                          :
                    Debtor.                                      :
                                                                          :
-----------------------------------------------------X
                                                                          :
In re                                                                  :         Chapter 11
                                                                          :
EMERALD INVESTMENTS, LLC,              :         Case No. 14-13407 (MG)
                                                                          :
                    Debtor.                                      :
                                                                          :
-----------------------------------------------------X

## ORDER APPROVING THE APPOINTMENT OF THE CHAPTER 11 TRUSTEE

Upon the United States Trustee's Application for Entry of an Order Approving the Appointment of the Chapter 11 Trustee, dated March 17, 2015; and it appearing that Ian Gazes, a disinterested person within the meaning of 11 U.S.C. § 101(14), has been appointed by the United States Trustee as the Chapter 11 trustee in the above-captioned cases for the Debtors, and after due deliberation and sufficient cause appearing thereof; it is hereby

**ORDERED**, that the appointment of Ian Gazes, as Chapter 11 trustee, is approved, pursuant to 11 U.S.C. § 1104(d).

Dated: _____, 2015
          New York, New York

                                                                    _____
                                                                    MARTIN GLENN
                                                                    United States Bankruptcy Judge